IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Edward Leon Muldrow,   #226710, | ) | C.A. No. 3:07-1170-RBH-JRM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Warden Evans Correctional Institution, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* petitioner Edward Leon Muldrow ("Petitioner"), an inmate at the South Carolina Department of Corrections, seeks *habeas corpus* relief under Title 28, United States Code, Section 2254. (Doc. # 1.) Petitioner also moved for leave to proceed *in forma pauperis*. (Doc. # 8.) This matter was referred to United States Magistrate Judge Joseph R. McCrorey pursuant to 28 U.S.C. § 636(b) and Civil Rule 73.02(B) (D.S.C.). On May 28, 2009, Magistrate Judge McCrorey granted Petitioner's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. # 13.) In accordance with this same statute, Magistrate Judge McCrorey reviewed Petitioner's petition *sua sponte* under the provisions found in Section (e), and filed a Report and Recommendation (the "Report"). (Doc. # 14.)

This matter now comes before this Court for review of the Report. In the Report, the Magistrate Judge recommends that the District Court dismiss the Petitioner's petition as both successive without leave to file, and untimely. *Id.*

On July 11, 2007, the Petitioner filed objections to the Report (the "Objections"). (Doc. # 16.) Thereafter, the Court reviewed the Report and the Petitioner's Objections. In conducting this review,

1

the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In his petition, the Petitioner raises the following grounds for relief: 1) Ineffective assistance of counsel, 2) Involuntary plea, 3) Lack of subject matter jurisdiction, 4) Excessive sentencing, 5) Illegal sentencing, 6) Vindictive prosecution, and 7) Denial of Due Process. (Doc. # 1.) Petitioner seeks release from custody as well as his guilty plea and conviction vacated, and his sentence voided. *Id.*

For his Report, the Magistrate recommended dismissal on two grounds. (Doc. # 14.) First, the Magistrate found the present petition successive of a prior § 2254 petition filed by the Petitioner. As the Petitioner has failed to demonstrate an applicable exception to file under 28 U.S.C. 2244(b)(2), and more significantly, failed to seek and obtain Fourth Circuit authorization to file a successive petition pursuant to 28 U.S.C. 2244(b)(3), the Court must dismiss his application for lack of jurisdiction. Second, the Magistrate found that even if the present petition was not successive, it is untimely under the 1-year limitation period set forth in 28 U.S.C. 2244(d).

The Petitioner has filed objections to the Magistrate Judge's recommendations. (Doc. # 16.) Therein, he does not contest the successive nature of his petition, but rather argues that "actual

innocence, legal innocence, and even probable innocence" are recognized bases for this Court to ignore the jurisdictional bar on successive and untimely petitions. *Id.* Here the Petitioner has misinterpreted the law. Whether the Petitioner has stated cognizable claims is not determinative of this Court's ability to hear his claims if they are filed untimely or successive. As noted above, and addressed more fully in the Magistrate's Report, 28 U.S.C. § 2244(b)(3) creates a "gatekeeping" procedure that requires authorization from the Fourth Circuit before this Court has jurisdiction to hear successive petitions. *E.g. U.S. v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (holding that "§2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the Circuit Court] has granted the petitioner permission to file one.")

**THEREFORE, IT IS HEREBY ORDERED** that the Magistrate Judge's Report is **ADOPTED** (Doc. # 14), petitioner's objections are **OVERRULED** (Doc. # 16); and this petition is **DISMISSED** without prejudice and without requiring the respondents to file a return.

**IT IS SO ORDERED**.

 S/R. Bryan Harwell
United States District Judge

July 24, 2009

Florence, South Carolina